UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA FREIGHT LOGISTICS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17cv1762 SNLJ |
| WALTERS TRUCKING, INC., | ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this matter to the Circuit Court of St. Louis County, Missouri (#9). In December 2015, Mid-America Freight Logistics, LLC ("Mid-America") arranged for a shipment of frying oil from Stratas Foods to be transported by Walters Trucking to a company in a Texas. Under Mid-America's Motor Carrier Agreement ("Agreement") with Walters, Mid-America was obligated to diligently solicit, obtain, and maintain shipping customers to provide Walters Trucking with shipping opportunities. In return, Walters agreed to hold harmless Mid-America from all losses and damages arising out of any shipment transported.

During transport of the frying oil, some of the shipment was stolen, and the seal on some other containers was broken. The recipient of the shipment refused delivery of the entire shipment. However, Mid-America was contractually bound to pay Stratas Foods $35,928. Mid-America then demanded payment of this amount, minus certain credits, from Walters Trucking under the "hold harmless" clause in the parties' Agreement. Walters refused. Mid-America filed suit in state court for breach of the Agreement.

Walters Trucking removed the action to this Court contending that the Court has federal question jurisdiction pursuant to the preemptive effect of the Carmack Amendment to the Interstate Commerce Act. Plaintiff has moved to remand the case back to state court because, it contends, the Carmack Amendment does not preempt claims between a broker and a carrier, which are based on an independent contract.

Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction if the suit had been initially filed in federal court. *Humprhey v. Sequentia, Inc.*, 58 F.2d 1238, 1242 (8th Cir. 1995); 28 U.S.C. § 1441(a). Federal question jurisdiction exists if "the federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In "the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court." *Chapman v. Lab One*, 390 F.3d 620, 625 (8th Cir. 2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Only where an area of state law has been "completely preempted" by federal law does the federal law provide a basis for removal of an action to federal court. *Chapman*, 390 F.3d at 625.

The Carmack Amendment, 49 U.S.C. § 14706, creates a uniform rule for carrier liability when goods are shipped in interstate commerce and preempts all state or common law remedies available to a shipper against a carrier for loss or damage. The notice of removal filed by Walters Trucking asserts that the Carmack Amendment governs Mid-America's claims because they are "based on allegations of loss and/or damage in excess of $10,000.00 of cargo arising out of interstate motor vehicle transportation services."  (#1 at ¶ 3.)  Walters Trucking certainly qualifies as a "carrier" under the Carmack Amendment. However, plaintiff contends that it seeks to enforce

only the terms of the Agreement --- not Walters Trucking's obligations as a carrier under the separate bill of lading. That is, plaintiff is bringing claims for indemnity as a broker, not as a shipper. "Other courts have recognized such claims as separate and distinct claims outside the scope of the Carmack Amendment." *Traffic Tech, Inc. v. Arts Transp., Inc.*, 15 C 8014, 2016 WL 1270496, at *3 (N.D. Ill. Apr. 1, 2016) (collecting cases) (citing *Keystone Logistics, Inc. v. Struble Trucking LLC*, 2014 WL 6750052, at *3 (N.D. Ind. 2014); *Nat'l Bankers Trust Corp. v. Peak Logistics, LLC*, 2014 WL 5343639, at *3 (W.D. Tenn. 2014); *TransCorr Nat. Logistics, LLC v. Chaler Corp.*, 2008 WL 5272895, at *3 (S.D. Ind. 2008); *Viasystems Techs. Corp., LLC v. Landstar Ranger, Inc.*, 2011 WL 2912763, at *9 (E.D. Wis. 2011)).

Defendant Walters Trucking suggests that because the Agreement itself "limits Mid-America's right of recovery to the Carmack Amendment," then the matter is entirely preempted by the Carmack Amendment. (#18 at 2.) However, the Agreement refers to the Carmack Amendment in the context of the requirement of the separate bill of lading. That portion of the Agreement, at Paragrah 3(a), states that the carrier "shall issue a uniform standard bill of lading …for property it receives for transportation under this contract and shall be liable to the person entitled to recover under the bill of lading." Then it goes on to state that "failure to issue a bill of lading does not affect the liability of the [sic] carrier's liability shall be the same as a common carrier's liability under [the Carmack Amendment]." The mention of the Carmack Amendment with respect to the bill of lading has no bearing on this matter, which involves the resolution of the Agreement's "hold harmless" provision. Further, the Agreement states that the carrier "shall be liable to the person entitled to recover under the bill of lading," which is taken directly from the language of the Carmack Amendment. Under these circumstances, the

3

"person entitled to recover" does not include a broker such as plaintiff here. *See Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148-49 (6th Cir. 2015).

Here, plaintiff is not seeking to recover pursuant to the bill of lading, nor is plaintiff asserting its rights in this case as an assignee of the shipper. *See, e.g.*, *Traffic Tech*, 2016 WL 1270496, at *3. Thus, the state law breach of contract claims brought by plaintiff are not preempted by the federal Carmack Amendment. This Court does not have subject matter jurisdiction as a result, and the case must be remanded.

Plaintiff seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (#12). "Absent unusual circumstances, courts may award such fees only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A party lacks an "objectively reasonable" basis for removal where the relevant case law forecloses the removing party's basis for removal. *See Napus Fed. Credit Union v. Campbell*, 4:10CV1403MLM, 2010 WL 3581963, at *5 (E.D. Mo. Sept. 7, 2010), *aff'd,* 419 Fed. Appx. 696 (8th Cir. 2011). Although there were no Eighth Circuit cases directly on point, the great weight of authority foreclosed defendant's argument for removal here, and defendant cites nothing to refute that. Plaintiff will be awarded reasonable attorneys' fees and shall submit supplemental a memorandum and affidavit(s) in support within 14 days.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand (#9) is GRANTED.

**IT IS FURTHER ORDERED** that this matter is REMANDED to the Circuit Court for St. Louis County, Missouri.

**IT IS FINALLY ORDERED** that the plaintiff's motion for attorneys' fees (#12) is GRANTED; plaintiff shall submit appropriate documentation supporting an award of attorneys' fees within 14 days.

Dated this   23rd   day of October, 2017.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE